# U.S. District Court
## Eastern District of New York (Central Islip)
## CRIMINAL DOCKET FOR CASE #: 2:22-mj-01186-LGD All Defendants
## Internal Use Only

Case title: USA v. Sharkey                                Date Filed: 11/02/2022

Other court case number: 22-CR-348 Northern District of
                                        Oklahoma

---

Assigned to: Magistrate Judge Lee G.
Dunst

**22-cr-348-GKF-3**

**Defendant (1)**

**Robert Sharkey**                    represented by    **Cary D. Kessler**
                                                        Farley & Kessler P.C.
                                                        55 Jericho Turnpike
                                                        Suite 204
                                                        Jericho, NY 11753
                                                        (516)433-4220
                                                        Fax: (516)939-9839
                                                        Email: CDK@farleykessler.com *(Inactive)*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:2315.F SALE OR RECEIPT OF STOLEN GOODS, SECURITIES, MONIES, ETC. | |

**Plaintiff**

**USA**                                         represented by **Irisa Chen**
                                                               Edny-USAO
                                                               271-A Cadman Plaza East
                                                               Brooklyn, NY 11201
                                                               718-254-6124
                                                               Email: irisa.chen@usdoj.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2022 | 1 | RULE 40 AFFIDAVIT by USA as to Robert Sharkey (CT) (Entered: 11/10/2022) |
| 11/02/2022 | | Arrest (Rule 40) of Robert Sharkey (CT) (Entered: 11/10/2022) |
| 11/02/2022 | 2 | Minute Entry for proceedings held on 11/2/2022 before Magistrate Judge Lee G. Dunst: Criminal Cause for Removal as to Robert Sharkey. Counsel for Defendant: Cary David Kessler, retained. AUSA: Irisa Chen. Pretrial Officer: Andrew Berglind. FTR Log: 5:29-5:49. Case called. Counsel for all sides present. Removal Proceeding. Other District: Northern District of Oklahoma. Other District Case Number: 22-CR-348 (GFK). Preliminary Hearing Waived. Order Setting Conditions of Release and Bond entered. Order Requiring Defendant to appear in another district entered. Defendant released on bond and required to appear in charging district. (CT) (Entered: 11/10/2022) |
| 11/02/2022 | 3 | WAIVER of Rule 5(c)(3) Hearing by Robert Sharkey (CT) (Entered: 11/10/2022) |
| 11/02/2022 | 4 | COMMITMENT TO ANOTHER DISTRICT as to Robert Sharkey. Defendant committed to District of Northern District of Oklahoma. Ordered by Magistrate Judge Lee G. Dunst on 11/2/2022. (CT) (Entered: 11/10/2022) |
| 11/02/2022 | 🔒 5 | ORDER Setting Conditions of Release as to Robert Sharkey (1) $550,000. Ordered by Magistrate Judge Lee G. Dunst on 11/2/2022. (CT) (Entered: 11/10/2022) |
| 11/02/2022 | 6 | REDACTION by Robert Sharkey to 5 1 - Sealed Document CR, Order Setting Conditions of Release (CT) (Entered: 11/10/2022) |

JJD:IC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

ROBERT GARY SHARKEY,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT IN SUPPORT
OF REMOVAL TO THE
NORTHERN DISTRICT OF
OKLAHOMA

(Fed. R. Crim. P. 5)

Case No. 22-MJ-1186

EASTERN DISTRICT OF NEW YORK, SS:

        James Tobin, being duly sworn, deposes and states that he is a Task Force Officer

with the Homeland Security Investigations, duly appointed according to law and acting as such.

        On or about October 5, 2022, the United States District Court for the Northern

District of Oklahoma issued an arrest warrant commanding the arrest of the defendant ROBERT

GARY SHARKEY in connection with a criminal indictment under 22-CR-348 (GKF).

        The source of your deponent's information and the grounds for his belief are as

follows:[1]

        1.      On or about October 5, 2022, the United States District Court for the

Northern District of Oklahoma issued an arrest warrant commanding the arrest of the defendant

ROBERT GARY SHARKEY in connection with a criminal indictment under 22-CR-348 (GKF).

A true and correct copy of the arrest warrant is attached hereto as Exhibit A.

---

[1] Because the purpose of this Affidavit is to set forth only those facts necessary to
establish probable cause to arrest and remove the defendant to Northern District of Oklahoma, I
have not described all the relevant facts and circumstances of which I am aware.

2.     The arrest warrant was issued in connection with a criminal indictment, dated October 4, 2022, charging the defendant ROBERT GARY SHARKEY with conspiracy to sell and receive stolen goods, in violation of 18 U.S.C. §§ 2315, 371, and 2. A true and correct copy of the criminal indictment is attached hereto as Exhibit B.

3.     On the morning of November 2, 2022, members of Homeland Security Investigations ("HSI"), went to 1034 Tenth Street in West Babylon, New York to execute the above-referenced arrest warrant, and encountered the defendant ROBERT GARY SHARKEY outside of the house. SHARKEY was asked to verify his name, and he confirmed that he was "Robert Sharkey." The individual's appearance also matched the appearance of ROBERT GARY SHARKEY in a photograph obtained from a law enforcement database. SHARKEY was also asked to provide a form of identification. SHARKEY provided members of HSI with a New York State Driver's License, which listed the name "Robert G. Sharkey" and the same date of birth as the ROBERT GARY SHARKEY wanted in the Northern District of Oklahoma.

4.     After confirming his identity, HSI members arrested SHARKEY on the arrest warrant.

5.     Based on the foregoing, I submit that there is probable cause to believe that the defendant is the ROBERT GARY SHARKEY wanted in the Northern District of Oklahoma.

WHEREFORE, your deponent respectfully requests that the defendant ROBERT

GARY SHARKEY be removed to the Northern District of Oklahoma so that he may be dealt

with according to law.

James Tobin
Task Force Officer
Homeland Security Investigations

Sworn to me by telephone this
2 day of November, 2022

s/ Lee G. Dunst
_____
HONORABLE LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

3

# EXHIBIT A

# EXHIBIT B

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 22-mj-1186 (LGD) |
| ROBERT SHARKEY | ) | |
| | ) | Charging District: Northern District of Oklahoma |
| _____ | ) | Charging District's Case No. 22-CR-348 (GFK) |
| *Defendant* | ) | |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: U.S. District Courthouse, N.D. Oklahoma 333 West Fourth St. Tulsa, OK 74103 | Courtroom No.: 411, Judge Frizzell |
|---|---|
| | Date and Time: To Be Determined |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: 11/2/22

s/ Lee G. Dunst
_____
*Judge's signature*

U.S.M.J    Lee G Dunst
_____
*Printed name and title*

AO 466A (Rev. 12/09)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  22-MJ-1186 (LGD) |
| | ) | |
| ROBERT SHARKEY | ) | |
| GARY | ) | Charging District's Case No. |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*      Northern District of Oklahoma      .

I have been informed of the charges and of my rights to:

(1)      retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)      an identity hearing to determine whether I am the person named in the charges;

(3)      production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)      a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)      a hearing on any motion by the government for detention;

(6)      request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒      an identity hearing and production of the warrant.

☒      a preliminary hearing.

☒      a detention hearing.

☒      an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   November 2, 2022                           _____
                                                                    *Defendant's signature*

                                                                    _____
                                                                    *Signature of defendant's attorney*

                                         Farley J. Kessler  By  Gary David Kessler
                                                                    *Printed name of defendant's attorney*

                                                                                        ES2